IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON A. RIVERA, | ) | CASE NO. 1:17 CV 922 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Ramon A. Rivera, for disability insurance benefits. The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have briefed

---

[1] ECF # 21. The parties have consented to my exercise of jurisdiction.

[2] ECF # 11.

[3] ECF # 12.

[4] ECF # 6.

[5] ECF # 13.

their positions[6] and filed supplemental charts[7] and the fact sheet.[8] They have participated in a telephonic oral argument.[9]

## Facts

### A. Background facts and decision of the Administrative Law Judge ("ALJ")

Rivera, who was 60 years old at the time of the administrative hearing,[10] graduated high school[11] and is married.[12] His past relevant employment history includes work as an automobile assembler, shuttle bus driver, parking valet, and union representative.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Rivera had severe impairments consisting of: disorder of the spine; shoulder impairment; postural orthostatic tachycardia syndrome ("POTS"); vertigo;

---

[6] ECF # 15 (Commissioner's brief); ECF # 14 (Rivera's brief); ECF # 16 (Rivera's reply brief).

[7] ECF # 15, Attachment 1 (Commissioner's charts); ECF # 14, Attachment 1 at 3 (Rivera's charts).

[8] ECF # 14, Attachment 1(Rivera's fact sheet).

[9] ECF # 23.

[10] ECF # 14, Attachment 1 at 1.

[11] *Id*.

[12] ECF #12, Transcript ("Tr.") at 193.

[13] *Id*. at 71.

and obesity.[14] The ALJ made the following finding regarding Rivera's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with additional limitations. The claimant can lift/carry 20 pounds occasionally and 10 frequently; stand/walk 6 out of 8; frequently push/pull and constantly foot pedal; frequently use a ramp or stairs, never a ladder, rope or scaffold. He can frequently balance, can constantly stoop, kneel, crouch, and crawl. The claimant can reach including overhead frequently. He can constantly handle, finger, and feel; no visual or communication deficits. The claimant must avoid entirely dangerous machinery and unprotected heights.[15]

Given that residual functional capacity, the ALJ found Rivera capable of his past relevant work as a parking valet, union representative, and shuttle bus driver and, therefore, not under a disability.[16] The ALJ made an alternate finding at Step Five that there jobs existing in significant numbers in the national economy that Rivera could perform.[17]

**B.      Issues on judicial review**

Rivera asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Rivera presents the following issues for judicial review:

- The ALJ's RFC determination lacks the support of substantial evidence because the ALJ failed to include limitations in the RFC to account for the severe impairments of disorder of the spine and vertigo.

---

[14] *Id.* at 64.

[15] *Id.* at 67.

[16] *Id.* at 70.

[17] *Id.* at 72.

- The ALJ's credibility determination lacks the support of substantial evidence.

- The ALJ's Step Four and Five determinations lack the support of substantial evidence because plaintiff cannot return to his past relevant work without significant adjustment and learning new skills.[18]

The Court finds that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings consistent with this order.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

---

[18] ECF # 14 at 1.

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Application of standard**

This case presents two issues for decision:

- Whether substantial evidence supports the RFC when it does not include any limitations for Rivera's severe impairments of spine disorder and vertigo.

- Whether substantial evidence supports the ALJ's finding at Step Four that Rivera can perform his past relevant work or alternate finding at Step Five that there are a significant number of jobs in the national economy that Rivera can perform.

As discussed in detail below, the ALJ wholly failed to account for Rivera's spinal disorder, a severe impairment, in formulating the RFC – therefore, remand is necessary. The Court does not reach the issues regarding the ALJ's finding at Step Four and alternate finding at Step Five. On remand, after properly considering all of Rivera's impairments in formulating the RFC, the ALJ should reconsider whether Rivera can perform his past

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

relevant work consistent with the reformulated RFC or whether a significant number of jobs exist in the national economy that Rivera can perform.

*1.  RFC*

The ALJ adequately discussed Rivera's complaints of vertigo and dizziness. Essentially, the ALJ found that although Rivera experienced vertigo after a slip and fall on ice in 2012, he received treatment and experienced recovery.[22]  Although he complained of continuing episodic dizziness, his gait consistently tested as normal, and he experienced no additional falls.[23]

The ALJ's treatment of the evidence regarding Rivera's limitations from cervical degenerative disc disease is another matter.  There is objective medical evidence, based on diagnostic tests and physical examination, that Rivera has a restricted range of motion in the neck.[24]  Despite this medical evidence, the ALJ only briefly mentioned Rivera's limited range of motion in his analysis, finding this limitation "minimal."[25]

Dr. Howard Pinsky – an orthopedist – performed a medical records review and consultative physical examination in 2014.[26]  He found restricted range of motion in Rivera's

---

[22] Tr. at 68-70.

[23] *Id.* at 68-69.

[24] *Id.* at 325, 327, 360, 362, 649-51.

[25] *Id.* at 69-70.

[26] *Id.* at 648-51.

neck and opined that driving should be restricted.[27] The ALJ gave this opinion little weight because Rivera drove to his mother's house and drove to the consultative examination.[28] But Rivera testified at the hearing that his wife does most of the driving and that his mother lived a mere three minutes away.[29] Furthermore, even if the ALJ discounted the driving restriction, it does not excuse the ALJ's failure to acknowledge or address the limited range of motion Dr. Pinsky found in his examination.

The ALJ may not ignore contrary lines of evidence in his analysis.[30] Therefore, remand is required.

*2.* ***Steps Four and Five***

As proper consideration of the medical evidence regarding Rivera's limited range of motion in his spine in formulating the RFC may impact the ALJ's findings at Steps Four and Five, the Court does not reach the issues Rivera raises regarding these steps in the disability analysis. On remand, should the analysis proceed to Step Five, the ALJ should specifically consider whether Rivera would need to learn new skills to become a union representative in another industry or to become a manager in another industry.

---

[27] *Id.* at 649-50.

[28] *Id.* at 70.

[29] *Id.* at 85, 94.

[30] *Schrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked.") (citing *Morris v. Sec'y of Health & Human Servs.*, 845 F.2d 326 (6th Cir. 1988)).

## Conclusion

The finding of the Commissioner that Rivera had no disability lacks the support of substantial evidence. Accordingly, the decision of the Commissioner denying Rivera disability insurance benefits is reversed and remanded for proper consideration of the medical evidence regarding Rivera's spinal impairment in formulating Rivera's RFC.

Dated: July 31, 2018                                          s/ William H. Baughman, Jr.
                                                                                                         United States Magistrate Judge